Miles J. Lewis, Appellant *v.* Zoning Hearing Board of Lower Gwynedd Township, Township of Lower Gwynedd, Richard D. Weber and G. Edwin Brumbaugh, Appellees.

Argued April 9, 1976, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Paul D. North,* with him *Duffy, North, Duffy & Wilson,* for appellant.

*Paul W. Callahan,* with him *Fox, Differ, Callahan, Ulrich & O'Hara,* for Weber and Brumbaugh.

*Jeremiah J. Cardamone,* with him *Timoney, Knox, Avrigian & Hasson,* for Lower Gwynedd Township.

OPINION BY JUDGE ROGERS, May 21, 1976:

This is Miles J. Lewis' appeal from a lower court's order dismissing his appeal from a decision of the Zoning Hearing Board of Lower Gwynedd Township affirming an order of the Township Zoning Officer requiring Lewis to cease and desist business activities on his residential property. We affirm.

The appellant owns a 3.4 acre parcel of land in Lower Gwynedd Township, improved with his dwelling house, a private garage and another small outbuilding. The property is located in the Township's "A" residential zoning district where commercial activities are prohibited. The appellant has owned the property since July 1959, and since that time has lived there and additionally used portions of the land area as a storage yard for machinery regularly used in his earth moving and excavation business, which he conducts from his home. He has regularly maintained on the property two trucks, a backhoe, a loader, a trailer, a farm tractor and a jeep. In 1974 a neighbor complained to the township zoning officer of early morning noises made by the machinery being prepared for the day's use and of their unsightly appearance. The zoning officer inspected the premises and ordered the appellant to desist from further use of his residential property for business purposes. The appellant appealed the order of the Zoning Hearing Board which, after hearing, sustained the action of the zoning officer. The lower court, on appeal and without taking further testimony, affirmed.

On appeal to this Court, appellant says that because his commercial use of the property, although always in

unlawful nonconformity with zoning restrictions, was continuous, open, notorious and unobjected to for fifteen years, he acquired vested rights in its continuance. He relies principally on *Heidorn Appeal,* 412 Pa. 570, 195 A.2d 349 (1963). In that case our Supreme Court affirmed a lower court's allowance of a variance for the maintenance of an aluminum awning which encroached on zoning setback territory and which had been constructed in replacement of an earlier also encroaching overhang. The encroachment of the new awning was not great; the neighbors, rather than complaining, affirmatively supported the application for variance; and the opinion of the bare majority of the Supreme Court merely declared that the new awning was a reasonable extension of a pre-existing lawful nonconforming condition. *Heidorn Appeal, supra,* and *Township of Haverford v. Spica,* 16 Pa. Commonwealth Ct. 326, 328 A.2d 878 (1974), (where this Court held that a property owner who had purchased an office building constructed many years before by a prior owner under a building permit apparently improvidently issued acquired a vested right in the continued use of the building for office purposes) are clearly distinguishable. In both *Heidorn Appeal, supra,* and *Township of Haverford v. Spica, supra,* the deviations from zoning requirements were apparent, whereas in the instant case the Zoning Hearing Board found, on substantial evidence, that the appellant's unlawful activities could not be seen from the highway and were unknown to Township authorities until brought to their attention by the complaining neighbor.

This case requires no more than the application of the settled law that mere delay in enforcement does not create a vested right to use property in violation of zoning regulations. *See Dewald v. Board of Adjustment, City of Pittsburgh,* 13 Pa. Commonwealth Ct. 303, 320 A.2d 922 (1974), and Ryan, Pennsylvania Zoning Law and Practice, Section 8.3 (1970).

Our scope of review in zoning cases where no additional testimony is taken by the court below is limited to a determination of whether the Board committed an abuse of discretion or an error of law. *Township of Haverford v. Spica, supra; Dewald v. Board of Adjustment, City of Pittsburgh, supra.* No such abuse or error appears and we therefore affirm the Order below.

Judge KRAMER did not participate in the decision in this case.