Marcella Klanke, Appellant *v.* The Zoning Board of Adjustment of the City of Pittsburgh, Appellee.

Submitted on briefs March 12, 1984, to Judges ROGERS, PALLADINO and BARBIERI, sitting as a panel of three.

*G. Daniel Corney*, with him, *Michael R. Bucci, Jr., Thorp, Reed & Armstrong*, for appellant.

*Gretchen G. Donaldson*, Associate City Solicitor, with her, *D. R. Pellegrini*, City Solicitor, for appellee.

OPINION BY JUDGE BARBIERI, July 3, 1984:

The appellant, Marcella Klanke, appeals here from an order of the Court of Common Pleas of Allegheny County which dismissed her appeal from a decision of the Zoning Board of Adjustment of the City of Pittsburgh (Board) denying her application for an

occupancy permit to continue using her property as a three family dwelling unit. We affirm.

The appellant is the owner of a two and a half story structure in the City of Pittsburgh located in a "R-4 Multiple-Family Residence District." In July of 1982, the appellant filed an application with the city's zoning administrator for an occupancy permit to continue using her property as a three family dwelling unit. The administrator denied this application and the appellant filed an appeal to the zoning hearing board challenging the administrator's decision and seeking a variance.

At the Board's hearing in this matter it was established that when the appellant purchased her property in 1964 it was then being used as a three family dwelling. Under the city's original ordinance passed in 1923, the appellant's property was zoned in a "B" residence district permitting one or two family dwellings. In 1958, the city by ordinance rezoned the area in which the appellant's property is located to an R-4 district. Information from the Polk Directory[1] lists two names at the property's address in 1953 and 1954, and three names in 1956, 1957 and 1962. It was also established that no occupancy permit exists for the subject property. The Board denied the appellant's request after it determined that the appellant's property did not conform to the city's ordinance for three family dwellings in the R-4 district, that granting a variance would be detrimental to the neighborhood and that it would not impose any undue hardship upon the appellant to deny her request for a variance. The court of common pleas affirmed the Board's decision and the present appeal followed.

---

[1] Published by a private concern, the Polk Directory contains listings of businesses and private residences indexed alphabetically, by address and by telephone number.

The appellant first contends that an occupancy permit should have been granted since the Board erred in its interpretation of the city's ordinance. In its decision, the Board opined that the appellant's property did not meet the minimum lot requirement of 6,000 square feet for multiple family dwellings under Section 985.12 of the Pittsburgh Code (Code). The appellant contends that this section of the Code is inapplicable since Section 937.04 of the Code relating to minimum area requirements per dwelling unit, only requires that her property have 3100 square feet. We note that we need not address this contention since it is uncontradicted by the appellant that, placing lot area aside, her property does not conform to the minimum side yard and parking requirements for an R-4 district. Since an occupancy permit can only be issued under the city's Code when all applicable zoning provisions are satisfied, *see* Section 905.-02(d) of the Code, the appellant's failure to comply with the side yard and parking requirements in the R-4 district are sufficient grounds upon which to deny an occupancy permit.

The appellant next contends, citing *Sheedy v. Zoning Board of Adjustment of City of Philadelphia,* 409 Pa. 655, 187 A.2d 907 (1963), that she is entitled to a variance since her property has been continuously used as a three family dwelling for 25 years and that when she purchased the property she did not know it was being used in violation of the city's ordinance. We disagree, for several reasons. First, the single fact that the appellant's property has been used for 25 years in violation of the zoning ordinance cannot support the granting of a variance. Municipal inaction in enforcing an ordinance, without more, cannot support the granting of a variance. *Draving v. Lower Southampton Township Zoning Hearing Board,* 40

Pa. Commonwealth Ct. 243, 397 A.2d 54 (1979). Second, the appellant was duty-bound to check the zoning ordinance before her purchase[2] and cannot now advance her lack of knowledge as a reason in support of a variance. *Hasage v. Philadelphia Zoning Board of Adjustment*, 415 Pa. 31, 202 A.2d 61 (1964). Finally, the appellant's reliance upon *Sheedy* is misplaced. In *Sheedy* our Supreme Court concluded that the denial of a variance under the "exceptional" circumstances in that case would be most inequitable since the municipality there knowingly permitted the illegal use to continue for many years, and that unnecessary hardship would result without the granting of a variance since the appellant in *Sheedy* would have had to convert a five family dwelling to a single family unit at a significant expenditure. Unlike *Sheedy*, the denial of a variance in the present case will only require the appellant to decrease her number of units by one with very little expenditure on her part.[3] Additionally, there was no evidence presented in this case, outside of the Polk Directory, indicating that the city knowingly permitted the appellant's illegal use to continue over a long period of time. Needless to say, the mere listing of names in a public directory cannot be deemed sufficient knowledge on the part of the city to support a variance. *See Lennox v. Zoning Board of Adjustment of the City of Pittsburgh*, 67 Pa. Commonwealth Ct. 417, 447 A.2d 1049 (1982) (evidence of three mailboxes visible from the street, three separate and published telephone listings, three garages,

---

[2] *See* Section 3 of the Act of July 27, 1955, P.L. 288, *as amended*, 21 P.S. §613.

[3] Although it was not discussed in detail, Mr. Walkowski, a member of the Board, opined that all that would be necessary to reduce the appellant's structure from three to two units would be to remove the kitchen in the third unit. This would only involve removing a sink.

and at least one adult in each of three units paying taxes to the city, held not sufficient to support conclusion that the city had knowingly permitted an illegal three family unit in a two family area to continue over long period of time).

Lastly, the appellant argues that the Board's conclusion that granting a variance to the appellant would be detrimental to the neighborhood and that it would not be an undue hardship upon the appellant to deny her request for a variance are totally unsupported by the record. We disagree.

We have reviewed the record in this case and on the issue of detriment, we note the testimony of a Ms. Elizabeth Renner, who appeared at the Board's hearing in this matter in opposition to the appellant's request for an occupancy permit. Specifically, Ms. Renner expressed her concern over the "well-being of the community" if a variance were to be granted based upon her observation that more and more people in the area were paving over their front yards to provide for additional parking. Likewise, on the issue of unnecessary hardship, it was established at the Board's hearing that the appellant could legally use her property for two dwelling units and that an occupancy permit would be issued for such a use. In fact the Board's order directed that the appellant reduce her property from three to two units. As such, the appellant has not met her burden of proving unnecessary hardship which requires that the physical characteristics of the property be such that it cannot be used for any permitted purpose or for a permitted purpose only at prohibitive expense, or that the characteristics of the area are such that the property has no value or only a distress value if restricted to a permitted use. *Botula v. Zoning Board of Adjustment of the City of Pittsburgh,* 69 Pa. Commonwealth Ct. 164, 450 A.2d 316 (1982).

Accordingly, the order of the common pleas court will be affirmed[4]

ORDER

Now, July 3, 1984, the order of the Court of Common Pleas of Allegheny County, dated January 10, 1983, is hereby affirmed.

---

[4] The appellant raises a number of other arguments in her brief which we need not address since they were not raised before the court below. *Overstreet v. Zoning Hearing Board of Schuylkill Township*, 49 Pa. Commonwealth Ct. 397, 412 A.2d 169 (1980).