531 A.2d 865

In Re: Appeal of Mason A. Crawford and Joy Crawford, h/w from the Decision of the Upper Southampton Township Zoning Hearing Board. Mason A. Crawford and Joy Crawford, his wife, Appellants.

Argued February 26, 1987, before Judges CRAIG and DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.

*Edward F. Murphy,* with him, *Caroline F. Achey, McBride and Murphy,* for appellants.

*William Terwilliger,* Pro Se, with him, *Elizabeth Terwilliger,* for appellees.

OPINION BY JUDGE DOYLE, October 2, 1987:

Mason Crawford and his wife (Appellants) appeal from an order of the Court of Common Pleas of Bucks County, which affirmed an order of the Upper Southampton Township Zoning Hearing Board (Board) denying Appellants' request for a variance by estoppel. We affirm.

In 1955, Appellants bought a one-and-one-quarter acre lot in Upper Southampton Township (Township)

zoned R-2 residential in order to construct a residence for themselves and their family. Mr. Crawford was a masonry contractor. He used the property to store materials for his business. Upon the completion of his residence in 1958, Mr. Crawford conducted his contracting business, which had become a full-time operation, from his home via telephone. Mr. Crawford at that time employed a part-time secretary and members of his family in the business. He used his home and garage to store business records, tools, other equipment and small amounts of building materials. From 1955 through at least 1965, many of Mr. Crawford's neighbors also operated construction contracting businesses out of their homes in a similar manner.

Mr. Crawford's ability to work as a masonry contractor became impaired, however, due to a back ailment. He then began specializing in commercial caulking for home builders. Since 1965, Mr. Crawford has been exclusively in the caulking business and has employed as many as nine workers and utilized as many as six vans. Generally, the tools and equipment for this business, as well as most of the 55-gallon drums of caulk, were stored in Appellants' three-car garage. He stored his ladders outside, however, and, in warm weather he also stored the 55-gallon drums of caulk outside. One or more of the vans used in Mr. Crawford's business were always parked in the driveway of his residence.

Mr. Crawford constructed a storage shed and an addition to the garage, both of which he used for business purposes. He also erected fencing and planted extensive shrubbery in order to minimize the impact of the business operation upon his neighbors.

There were no complaints regarding Mr. Crawford's business until 1972. In that year, William Terwilliger, Appellants' neighbor, complained to the Township manager, John Danenberger. The Township took no ac-

tion on that complaint. By 1982, however, most of the neighbors were complaining of Mr. Crawford's activities because tractor-trailer trucks were delivering drums of caulk to his residence. Appellants' neighbors further complained about the sounds of vehicle doors slamming, workmens' voices, and cans and ladders occasionally being dropped in the early morning hours. In response to his neighbors' complaints, Mr. Crawford discontinued deliveries to his home, but on October 3, 1983, the Township's zoning officer issued a cease-and-desist order, directing the Appellants to cease operation of Mr. Crawford's business on the subject property.[1]

Subsequently, on October 27, 1983, Appellants filed for a use variance on the basis of hardship and/or estoppel. Following a hearing, the Board denied Appellants' application on both grounds. Appellants appealed to the court of common pleas only that portion of the Board's decision denying them a variance by estoppel. The trial court, without taking additional evidence, affirmed the Board's order. This appeal followed.[2]

The case law regarding the theory of variance by estoppel, or vested rights, as it is often called, has not produced a clearly articulated test for determining

---

[1] Appellants appealed the zoning officer's issuance of the cease-and-desist order to the Township Zoning Hearing Board. The Board consolidated the hearing on the cease-and-desist order with that of Appellants' application for a variance. The Board ruled that the issuance of the cease-and-desist order was improper because, in its opinion, Mr. Crawford's caulking business could be a conditional use under the Township's zoning ordinances.

[2] Our scope of review in a zoning case where the trial court takes no additional evidence is limited to determining whether the zoning hearing board committed an error of law or an abuse of discretion. *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983). A zoning hearing board abuses its discretion when its essential findings of fact are not supported by substantial evidence. *Id.*

when it becomes inequitable to enforce a particular zoning restriction against a landowner. We have found in the past, however, a number of factors relevant in making this determination. One factor is a long period of municipal failure to enforce the law, when the municipality knew or should have known of the violation, *in conjunction with* some form of "active" acquiescence in the illegal use.[3] What is well-settled is that a mere showing that a municipality has failed to enforce the law for a long period of time is insufficient in itself to support the grant of a variance.[4]

---

[3] *See Sheedy v. Zoning Board of Adjustment*, 409 Pa. 655, 187 A.2d 907 (1963) (variance by estoppel based upon twenty-three years of municipal inaction combined with evidence that Board of Adjustment knew for thirteen years of illegal use since, in denying previous owner's request for variance for a seven-unit dwelling the Board knew of existing illegal use as five-unit dwelling); *Caporali v. Ward*, 89 Pa. Commonwealth Ct. 621, 493 A.2d 791 (1985) (only two years of inaction but municipal planning commission had specifically given landowner permission to use property); *Knake v. Zoning Hearing Board of the Borough of Dormont*, 74 Pa. Commonwealth Ct. 265, 459 A.2d 1331 (1983) (forty-four years of municipal inaction in enforcing ordinance, knowledge by various borough zoning officers for twenty-seven years that use was illegal and issuance of building permit found sufficient to create estoppel); *Three Rivers Youth v. Zoning Board of Adjustment*, 63 Pa. Commonwealth Ct. 184, 437 A.2d 1064 (1981) (seven years of inaction after issuance of building permits plus reliance by landowner upon zoning officer's interpretation of regulation in obtaining permits); *Township of Haverford v. Spica*, 16 Pa. Commonwealth Ct. 326, 328 A.2d 878 (1974) (thirty-six years of municipal inaction plus issuance of building permit, which on its face made it apparent that use was illegal, held sufficient to create estoppel).

[4] *See Lebovitz v. Board of Adjustment*, 87 Pa. Commonwealth Ct. 200, 486 A.2d 1061 (1985); *Lennox v. Zoning Board of Adjustment*, 67 Pa. Commonwealth Ct. 417, 447 A.2d 1049 (1982); *Lewis v. Zoning Hearing Board of Lower Gwynedd Township*, 24 Pa. Commonwealth Ct. 574, 357 A.2d 725 (1976).

Another relevant factor in the estoppel analysis is whether the landowner acted in good faith *and* relied innocently upon the validity of the use throughout the proceedings.[5] But in assessing whether a landowner's reliance upon municipal inaction is reasonable, a landowner is, absent some municipal validation of the use, "duty bound to check the zoning status of the property before purchase." *Hasage v. Zoning Board of Adjustment,* 415 Pa. 31, 35, 202 A.2d 61, 64 (1964).[6]

A third relevant factor is whether the landowner has made substantial expenditures in reliance upon his belief that his use was a permitted use. *Department of Environmental Resources v. Flynn,* 21 Pa. Commonwealth Ct. 264, 344 A.2d 720 (1975).

A fourth factor is whether the denial of the variance would impose an unnecessary hardship on the applicant, such as the cost to demolish an existing building. *Klanke v. Zoning Board of Adjustment,* 83 Pa. Commonwealth Ct. 441, 477 A.2d 907 (1984); *see also Township of West Pikeland v. Thornton,* 106 Pa. Commonwealth Ct. 560, 527 A.2d 174 (1987).

We may also consider whether there is sufficient evidence to show that the use is a threat to the public health, safety or morals.[7]

---

[5] *See Heidorn Appeal,* 412 Pa. 570, 195 A.2d 349 (1963) (landowner had reasonable belief use was nonconforming); *Sheedy* (landowner had reasonable belief use was nonconforming); *Caporali* (landowner had reasonable belief use was nonconforming and/or that use was permissible because of municipal action).

[6] *See also Moses v. Borough of Dormont,* 87 Pa. Commonwealth Ct. 443, 487 A.2d 481 (1985); *Municipality of Penn Hills v. Zoning Hearing Board of the Municipality of Penn Hills,* 60 Pa. Commonwealth Ct. 286, 431 A.2d 383 (1981); *Camaron Apartments v. Zoning Board of Adjustment,* 14 Pa. Commonwealth Ct. 571, 324 A.2d 805 (1974).

[7] *See Sheedy; Marzo v. Zoning Hearing Board of Abington Township,* 30 Pa. Commonwealth Ct. 225, 373 A.2d 463 (1977); *Dewald v. Board of Adjustment,* 13 Pa. Commonwealth Ct. 303, 320 A.2d 922 (1974).

Appellants contend that they have met the first criterion because various Township officials knew Mr. Crawford operated a business out of his home. The record in this case indicates that both the Township tax assessor and the Township building inspector in 1955 knew that Mr. Crawford was engaged in the construction business on the premises, and that other township officials at later dates had the same knowledge. The record further indicates that John Danenberger, a man who served in many Township positions[8] and had some responsibility in upholding and enforcing the Township zoning ordinances, knew of Mr. Crawford's business and did nothing. While the evidence adduced by Appellants shows that municipal officials knew of the violation, it does not show that the Township *"actively"* acquiesced in Appellants' use. We can find no case decided by our Supreme Court or this Court where pure municipal failure to take action, even coupled with some knowledge of the violation by municipal officials, was held sufficient to grant a variance by estoppel. Indeed, in several cases we have held to the contrary.[9] In the case presently before this Court, there was no erroneously issued permit upon which the Appellants relied as in *Spica*, nor any other municipal *action* upon which Appellants could

---

[8] Danenberger was chairman of the Township Board of Supervisors from 1964 to 1970. He was also, from 1965 to 1970, Township Superintendent, a job that included administration of the Township zoning ordinances. Upon conclusion of his term as supervisor in 1970, he was appointed Township manager and served in that capacity until his retirement in 1982.

[9] *See Center Township v. Zoning Hearing Board of Center Township*, 104 Pa. Commonwealth Ct. 487, 522 A.2d 673 (1987) (fact that township supervisor sold landowner property knowing of zoning restrictions held insufficient); *Green v. Zoning Board of Adjustment*, 88 Pa. Commonwealth Ct. 469, 490 A.2d 488 (1985) (knowledge of one member of Pittsburgh's Zoning Board of Adjustment of applicant's violation of ordinance held insufficient).

reasonably rely. There was no *"active"* acquiescence by the Township in this case.

Moreover, Appellants' reliance on the Township's inaction was not reasonable. As we have stated previously, a purchaser of property is duty-bound to check the property's zoning status, *Hasage,* and the failure to do so and the resulting lack of knowledge cannot be advanced in support of a variance. *Klanke.* One who commences a use without inquiry into whether it is permitted by the municipality's zoning ordinance does so at his own peril.

Last, although Appellants have expended substantial funds in improving their home, they would suffer no hardship if the variance were denied. The garage, shed and other improvements Appellants have erected on the property are consistent with the permitted residential use. Appellants have not, therefore, established an unnecessary hardship. *Klanke; Thornton.*

Accordingly, the order of the Court of Common Pleas of Bucks County is affirmed.

## ORDER

Now, October 2, 1987, the order of the Court of Common Pleas of Bucks County, No. 84-04554-09-1, dated April 17, 1986, is hereby affirmed.