540 A.2d 336

James E. Lockwood, Appellant *v.* The Zoning Hearing Board of Millcreek Township, Appellee.

Argued March 21, 1988, before Judges CRAIG, SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Randy L. Shapira, Plate, Shapira, Hutzelman, Berlin, May, Walsh and Brabender,* for appellant.

*Richard W. Perhacs, Elderkin, Martin, Kelly, Messina & Zamboldi,* for appellee.

OPINION BY SENIOR JUDGE NARICK, April 15, 1988:

This is an appeal by James E. Lockwood (Appellant) from a decision of the Court of Common Pleas of Erie County affirming a decision of the Millcreek Township Zoning Hearing Board (Board). We affirm.

Appellant has an interest in property located in Millcreek Township, Erie County, Pennsylvania.[1] This property has been used as a trailer park for approximately twenty years and the record reveals that there are currently thirteen or fourteen trailers located on the property. Appellant made a request to the Board for a variance from the fifteen feet sideyard setback requirement of the Millcreek Township Zoning Ordinance (Ordinance). The record discloses that in 1964 this setback regulation was increased from six feet to fifteen feet. Appellant is not in compliance with either the six feet or the fifteen feet setback regulation. Also, four trailers in the park extended over Appellant's property line onto the property of the adjacent owner. Appellant agreed to remove these four trailers so that they would be located only on his property; but, despite this effort, Appellant is still in violation of the Ordinance's setback requirements.

---

[1] The property is actually owned by Appellant's mother and Appellant operates the trailer court for his mother.

An evidentiary hearing was conducted and some opposition to Appellant's variance was expressed by neighboring property owners. The Board decided to grant a "de minimis" variance and allow Appellant to locate the trailers in the park no more than three feet from the property line. Appellant appealed to the court of common pleas contending that the Township had knowledge of Appellant's setback regulation violation and because it failed to enforce the Ordinance, the Township is estopped from denying the variance. The trial court affirmed the Board. Thus, the trial court's order affirming the Board requires Appellant to remove six trailers from his property.

Appellant argues on appeal that the Township is estopped from denying his variance request. We will consider Appellant's argument keeping in mind that when reviewing a zoning appeal where the trial court has taken no additional evidence beyond that presented to the zoning hearing board, our scope of review is limited to a determination of whether the zoning hearing board committed a manifest abuse of discretion or an error of law. *Valley View Civic Association v. Zoning Hearing Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983). We may conclude that the zoning hearing board abused its discretion if its findings are not supported by substantial evidence. *Id.*

In order for a property owner to establish that he is entitled to a variance by estoppel or a vested right the following must be established: (1) a long period of municipal failure to enforce the law; (2) that the municipality knew or should have known of the violation, in conjunction with some form of active acquiescence in the illegal use; (3) reliance by the landowner upon the validity of the use created by the action or inaction of the municipality; and (4) that the denial of the variance would result in unnecessary hardship. *Appeal of Craw-*

*ford,* 110 Pa. Commonwealth Ct. 51, 531 A.2d 865 (1987).[2]

It is undisputed that Appellant's property has been used as a trailer park for approximately twenty years. Appellant contends that the Township had notice of the illegal use because the trailer park was in plain sight and also because the Township building inspector had issued a trailer park permit allowing fourteen trailers to be situated on the property. It is well settled that municipal inaction without more cannot create a vested right which will require the grant of a variance. *Crawford; Green v. The Zoning Board of Adjustment of the City of Pittsburgh,* 88 Pa. Commonwealth Ct. 469, 490 A.2d 488 (1985); *Klanke v. The Zoning Board of Adjustment of the City of Pittsburgh,* 83 Pa. Commonwealth Ct. 441, 477 A.2d 907 (1984); *Lewis v. Zoning Hearing Board of Lower Gwynedd Township,* 24 Pa. Commonwealth Ct. 574, 357 A.2d 725 (1976). Municipal failure to take action coupled with some knowledge by municipal officials has also been held insufficient to grant a variance by estoppel. *Crawford.* In order to establish knowledge on the part of the township, a party must show that the municipality *actively acquiesced* in the illegal use of the property. *Id.*[3]

---

[2] Another consideration is whether there is sufficient evidence to show that the use is a threat to public health, safety or morals. *See Crawford.*

[3] *Compare Crawford* (individual who served in many township positions including board of supervisors and as township superintendent and who knew of appellant's violation but did nothing held insufficient to support grant of variance); *Center Township v. The Zoning Hearing Board of Center Township,* 104 Pa. Commonwealth Ct. 487, 522 A.2d 673 (1987) (where a township supervisor had sold land to the appellant and advised the appellant that any use was legal was held insufficient to support grant of variance); *Green* (where one member of a zoning hearing board stated on the record that he knew that the appellant's use of the building was in

It should be noted that Appellant's mere use of his property as a trailer park is not in violation of the Ordinance herein. Therefore, in order for the Township to have knowledge of the Ordinance violation, it would have had to know the location of the boundary lines on Appellant's property. Without conducting an actual survey of Appellant's property or having knowledge of the boundary lines, it cannot be said that the Township had knowledge of the Ordinance violation because only after the property lines are located can a violation of the Ordinance be detected. In the case at hand, the record is devoid of evidence that the Township had knowledge of the boundary lines of Appellant's property. Furthermore, the license issued by the building inspector contained no information as to lot size, property lines or location of the trailers on the property. Rather, this license merely contained the following information: the name and address of the trailer court; the property owner; the total number of sites; the number of sites occupied; the date the license was issued; and the expiration date of the license. Clearly, the issuance of this license by the Township does not demonstrate knowledge of an illegal use. *See Ignelzi v. Zoning Board of Adjustment of the City of Pittsburgh,* 61 Pa. Commonwealth Ct. 101, 433 A.2d 158 (1981) where a municipality's issuance of a building permit for a $125.00 building extension as well as the city's Plumbing House and

---

violation of the ordinance was held insufficient to establish clear awareness and strong long term acquiescence on the part of the municipality) *with Township of Haverford v. Spica,* 16 Pa. Commonwealth Ct. 326, 328 A.2d 878 (1974) (where township for thirty-six years had acquiesced in a commercial use of a residential property and issued a building permit with knowledge that the intended construction was to enhance the commercial use of the property and the appellant's reliance on this municipal action was held sufficient to create a vested right).

Drainage Division issuance of a certificate of final inspection was held to be insufficient to convey knowledge to the township of a zoning ordinance violation.

As to the third element of reliance, Appellant contends: (1) the trailer park was purchased with fourteen trailers on it; therefore, he is an innocent purchaser and (2) the issuance of the permit lulled Appellant into believing that the Township acquiesced in his use of the trailer park. Estoppel is an equitable doctrine requiring innocent reliance by the person seeking the estoppel upon the conduct or representations of the adverse party, *Glazer v. The Zoning Hearing Board of Worcester Township,* 55 Pa. Commonwealth Ct. 234, 423 A.2d 463 (1980). However, we do not find Appellant's reliance herein to be reasonable. A property owner is duty bound to check a property's zoning status and the failure to do so accompanied with the resulting lack of knowledge will not be sufficient to support the issuance of a variance. *Crawford.* Furthermore, the license issued by the Township cannot be held sufficient to create reliance because the license was no more than a license to operate a trailer park, a permitted use under the Ordinance.

Lastly, we must also reject Appellant's argument that he will suffer unnecessary hardship because he will have to remove six trailers. Unnecessary hardship requires that the physical characteristics of the property be such that it cannot be used for any permitted purpose, or that it can be used for a permitted purpose but only at a prohibitive expense, or that the property has no value or only a distressed value if restricted to a permissible use. *Klanke.* It is not sufficient justification for a variance to show mere economic hardship or that the property could be utilized more profitably if a variance was granted. *Glazer.* Accordingly, Appellant has failed to prove unnecessary hardship.

Therefore, the order of the Court of Common Pleas of Erie County is affirmed.

ORDER

AND NOW, this 15th day of April, 1988, the order of the Court of Common Pleas of Erie County in the above-captioned matter is affirmed.