563 A.2d 213

**William D. SPARGO, Appellant,**

**v.**

**ZONING HEARING BOARD OF THE MUNICIPALITY OF BETHEL PARK and Municipality of Bethel Park, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Feb. 10, 1989.

Decided July 28, 1989.

Reargument Denied Oct. 6, 1989.

194

Patrick R. Riley, Thomas J. Michael, Riley & DeFalice, P.C., Pittsburgh, for appellant.

John Linkosky, Victor R. Delle Donne, Baskin, Flaherty, Elliott & Mannino, P.C., Pittsburgh, for appellees.

Before BARRY and SMITH, JJ., and NARICK, Senior Judge.

SMITH, Judge.

Appellant, Dr. William D. Spargo, D.D.S. (Dr. Spargo), appeals from a decision of the Court of Common Pleas of Allegheny County, Pennsylvania, upholding the finding of the Zoning Hearing Board of Bethel Park (Board) that Dr. Spargo was in violation of Bethel Park Zoning Ordinance No. 12–19–66A of November 14, 1966, as amended in 1981 (Ordinance). The trial court's decision is affirmed.

Dr. Spargo is the owner of property located at 3209 Wellsview Road in the municipality of Bethel Park, Pennsylvania (Bethel Park). In March, 1972 Dr. Spargo was issued a building permit by Bethel Park for minor interior renovations of the property to accommodate its use as his dental office. Under the zoning ordinance in effect at the time, the property was zoned as an R–3 District. N.T., September 21, 1987 Hearing, p. 5. Among the permitted uses enumerated in the applicable Ordinance in an R–3 zoned district is a one-family detached dwelling and certain accessory uses. Ordinance, Article III, § 301 and N.T., September 21, 1987 Hearing, p. 5. Accessory use is defined in the ordinance as "[a] building or use customarily incidental and *subordinate* to the principal building or use and located on the same lot with such principal building or use." Ordinance, Article II, § 202. Among the accessory uses permitted in an R–3 zoned district is a "home occupation" which is defined in pertinent part as "[a]n accessory use of a service character customarily conducted within a dwelling by the residents, which is clearly *secondary* to the use of the dwelling for living purposes and does not change the character thereof or have any exterior evidence of such secondary use other than a small name plate,...." Ordinance, Article II, § 202. A dental office was permitted as a home occupation accessory use of the dwelling and no more than one employee was permitted at a home occupation accessory use under the ordinance. Ordinance, Article II, § 202.

During the course of Dr. Spargo's renovation of the property in 1972, Bethel Park's building inspector visited the property and found the renovation to be in compliance with the building permit issued. Subsequent to the building inspector's initial visit to the property and after the dental office had been installed, the building inspector again observed the property. During the subsequent visit, the building inspector noted that the property was equipped with sleeping quarters and kitchen facilities and that Dr. Spargo had a driver's license, voter registration and various other documents indicating that he resided at the property. N.T., September 21, 1987 Hearing, pp. 19–20. There is no evidence of record that any municipal zoning officers, building inspectors or other municipal officials visited the premises subsequent to 1972 until Mr. Richard Baker, municipal zoning officer for Bethel Park, observed the interior of the property shortly before August 10, 1987. Mr. Baker observed that the vast majority of the property was being used for dental office purposes, observed more than one employee and determined that the dental office was not clearly secondary to a residential use of the property. N.T., September 21, 1987 Hearing, pp. 25–27. On August 10, 1987, Mr. Baker issued a notice of a violation to Dr. Spargo, directing him to cease operation of his business for violation of the home occupation requirements of the zoning ordinance. N.T., September 21, 1987 Hearing, pp. 24, 27.

Dr. Spargo filed a notice of zoning appeal dated August 13, 1987 with the Board. After a hearing on September 21, 1987, the Board denied Dr. Spargo's request to continue using the property for dental office purposes and issued findings of fact, conclusions of law and an order so stating. Dr. Spargo appealed the Board's decision to the trial court which dismissed Dr. Spargo's appeal. Dr. Spargo thereafter petitioned this Court for review.

The trial court took no additional evidence in this matter. Therefore, this Court's scope of review is limited to determining whether the Board committed any abuse of discretion or error of law, and the reviewing court may not

disturb the Board's findings of fact if they are supported by substantial evidence. *Borough of Malvern v. Jackson,* 108 Pa.Commonwealth Ct. 248, 529 A.2d 96 (1987).

## I.

Dr. Spargo's first assertion on appeal is that he had a vested right to operate his dental office on the property in question.[1]  This Court established a five-pronged test for vested rights cases in *Department of Environmental Resources v. Flynn,* 21 Pa.Commonwealth Ct. 264, 344 A.2d 720 (1975).  The Pennsylvania Supreme Court adopted this five-pronged test in *Petrosky v. Zoning Board of Upper Chichester Township,* 485 Pa. 501, 402 A.2d 1385 (1979). These five prongs or factors which must be weighed in determining whether one has acquired vested rights as a result of a permit issued by the government are:

1.  A person's due diligence in attempting to comply with the law;

2.  A person's good faith throughout the proceedings;

3.  The expenditure of substantial unrecoverable funds;

4.  The expiration without appeal of the period during which an appeal could have been taken from the issuance of the permit;

5.  The insufficiency of the evidence to prove that individual property rights or the public health, safety or

---

1.  The Board, in its brief, asserts that before a property owner can claim entitlement to continue to use property in violation of a zoning ordinance under a vested rights theory, the property owner must have acted on a permit issued in error either under a mistake of fact or under a mistake of law.  However, a vested right theory also applies when a permit has not been issued under a mistake of law or facts. *See Petrosky v. Zoning Board of Upper Chichester Township,* 485 Pa. 501, 402 A.2d 1385 (1979); *see also Ernsberger v. Zoning Board of Adjustment of the City of Pittsburgh,* 109 Pa.Commonwealth Ct. 373, 531 A.2d 98 (1987), *appeal denied,* 517 Pa. 625, 538 A.2d 878 (1988) (in determining whether or not a property owner has a vested right to continued use of the property, the five factors of the vested right theory are to be considered *even though* the permit was issued because of mistake).

welfare would be adversely affected by the use of the permit.

*Id.,* 485 Pa. at 507, 402 A.2d at 1388.

■ Dr. Spargo argues that he did exercise due diligence in attempting to comply with the zoning ordinance. In remodeling the residence for use as his dental office, Dr. Spargo testified that the changes he made did not permanently alter the nature of the building as a dwelling unit. N.T., September 21, 1987 Hearing, p. 6. When the building inspector observed the work in progress, he raised no objection to the proposed use. N.T., September 21, 1987 Hearing, pp. 19–20. However, this Court notes that testimony by Dr. Spargo himself has shed much light on the manner in which the property is used. Dr. Spargo testified on cross-examination that he works at the subject property four days a week and sleeps there occasionally. When asked if the majority of the time spent there was for the practice of dentistry, his reply was, "I would say probably 50/50." N.T., September 21, 1987 Hearing, pp. 11–12. Dr. Spargo engages in uses other than a dental office at the property in question.[2] However, his testimony leaves no doubt that the practice of dentistry is neither subordinate nor secondary to the use of the building as a residence for Dr. Spargo.

The second factor to be considered is whether Dr. Spargo acted in good faith throughout the proceedings. Admittedly, Dr. Spargo acted in good faith in obtaining a building permit for the interior renovations of the property prior to conducting his dental practice therein. Dr. Spargo produced for the building inspector a driver's license, voter registration card and other forms of identification showing the property as his place of residence. In addition, the signs erected on or attached to the property do conform to the requirements of the zoning ordinance. N.T., September 21, 1987 Hearing, pp. 32–33. It is after Dr. Spargo obtained

2. Dr. Spargo testified that he also practices his hobby and performs his Shrine work at the property. N.T., September 21, 1987 Hearing, p. 10.

the permit that this Court questions his good faith in the proceedings. The definition of "home occupation" in the zoning ordinance permits the person engaged in the home occupation to have "not more than one paid assistant...." Ordinance, Article II, § 202. The record clearly indicates that upon a visit to the property by the Bethel Park zoning officer shortly before August 10, 1987, there were two assistants working in Dr. Spargo's office. N.T., September 21, 1987 Hearing, pp. 14–15, 26, 29. Because Dr. Spargo failed to conduct his dental office use in a manner secondary to the use of the property for living purposes and failed to employ no more than one assistant at the property, Dr. Spargo has not shown good faith throughout the proceedings.

The third factor to be considered is whether Dr. Spargo expended a substantial amount of unrecoverable funds. Dr. Spargo testified that he invested approximately $20,000 in renovating the property to establish his dental practice within the residence and that the $20,000 cannot be recovered. N.T., September 21, 1987 Hearing, pp. 7–8. Dr. Spargo further testified that the changes did not destroy the nature of the building. It was also his opinion that the building on the property was still in the condition of a dwelling unit. N.T., September 21, 1987 Hearing, p. 6. Thus, this Court cannot from the testimony determine that the funds expended to modify the dwelling for its use as a dental office would be unrecoverable upon subsequent resale as a residence after minor repairs are made.

The fourth factor requires the expiration of the appropriate appeal period from the issuance of the permit. On March 15, 1972, the Board issued Building Permit No. 59–72 to Dr. Spargo for alterations to the property. Dr. Spargo testified that the building permit was posted and that he had not been notified of any appeals to the permit. N.T., September 21, 1987 Hearing, p. 8. No evidence was presented to the Board indicating that an appeal had been taken during the statutory period for the raising of appeals.

The final factor to be considered is whether the evidence proves that the individual property rights or the public health, safety or welfare would be adversely affected by use of the permit. Although Dr. Spargo testified that there are no sounds, lights or odors which emanate from his building, the intrusion by this commercial dental office into an otherwise residential zone is enough in and of itself to show detriment to the public health, safety and welfare. In addition, several of the residents in the area appeared at the Board's hearing and testified that the residential nature of their neighborhood was being disturbed by the commercial intrusion of Dr. Spargo's dental office.[3] Taking into consideration all of the relevant factors which must be examined, this Court concludes that Dr. Spargo has not met the requirements of the five-prong test for vested rights to continued use of the permit.

## II.

Dr. Spargo next asserts that Bethel Park's failure to investigate the use of the property between 1972 and 1987 and consequently its failure to discover Dr. Spargo's use during this period of time, entitles him to continue the use of the property as a dental office based upon a theory of a variance by estoppel. A recent pronouncement on the theory of a variance by estoppel was rendered by the Commonwealth Court in *Crawford Appeal*, 110 Pa.Commonwealth Ct. 51, 531 A.2d 865 (1987), *cross appeals denied*, 518 Pa. 656, 544 A.2d 1343 (1988). In *Crawford Appeal*, the Court recognized that a clearly articulated test for determining when a variance by estoppel should be granted has not been developed. However, the Court has set forth several relevant factors in making such a determination. Those factors are:

1. A long period of municipal failure to enforce the law, when the municipality knew or should have known of the

---

**3.** These same residents also expressed concern about the future commercial intrusion into their neighborhood by whomever purchases Dr. Spargo's dental practice and/or the property in question. N.T., September 21, 1987 Hearing, pp. 38–41.

violation *in conjunction with* some form of 'active' acquiescence in the illegal use;

2. Whether the landowner acted in good faith *and* innocently upon the validity of the use throughout the proceedings;

3. Whether the landowner has made substantial expenditures in reliance upon his belief that his use was a permitted use;

4. Whether the denial of the variance would impose an unnecessary hardship on the applicant, such as the cost to demolish an existing building.

*Id.*, 110 Pa. Commonwealth Ct. at 55–56, 531 A.2d at 867–868 (emphasis in original).

█ In connection with the first factor noted above, Dr. Spargo contends that in 1972 Bethel Park, through its building inspector, permitted the accessory use/home occupation of the property by Dr. Spargo and as such "actively acquiesced" in the use of the property. However, there is no evidence that Bethel Park or any municipal officials knew that Dr. Spargo's use of the property was in violation of the zoning ordinance until shortly before August 10, 1987. In addition, mere knowledge of a violation of a zoning ordinance does not in and of itself prove that a municipality actively acquiesced in the use of the property. *See Crawford Appeal.* Absent anything more, this Court rejects Dr. Spargo's argument of active acquiescence.

█ With reference to the second factor, this Court does not question that Dr. Spargo acted in good faith when he initially applied for the permit in issue. However, Dr. Spargo was aware of the restrictions imposed by the zoning ordinance on his home occupation dental use, yet employed two assistants in his office when the Bethel Park zoning officer visited immediately prior to August 10, 1987. N.T., September 21, 1987 Hearing, pp. 25–26. The evidence shows that subsequent to March 15, 1972 but prior to August 10, 1987, Dr. Spargo's dental office use expanded to a point where it no longer was an accessory secondary use/home occupation and was in violation of the zoning

ordinance, thereby refuting Dr. Spargo's assertion of good faith throughout the proceedings.

No doubt, in terms of expense, Dr. Spargo's $20,000 outlay to ready the property for use as his dental office was a substantial expenditure. If, as Dr. Spargo contends, the condition of the property is still that of a private dwelling and that the changes he made to the property do not permanently destroy the nature of the structure as a dwelling unit, then after removal of Dr. Spargo's dental equipment and subsequent resale of the property as a residence, Dr. Spargo may recoup all or a portion of his expenditure.

The final factor to be considered is whether the denial of the variance would impose an unnecessary hardship on the applicant. Dr. Spargo asserts that he will be forced to remodel the residence after his dental equipment is removed and that without incurring these costs of renovation, the building cannot be used as a residence thereby constituting an undue hardship. These assertions fly in the face of Dr. Spargo's testimony that the residence in question is still in the condition of a private dwelling. It is therefore unclear as to what specific hardship would be invoked upon Dr. Spargo if he were required to remove his dental equipment from the residence to make the property saleable as a residence. Dr. Spargo further contends that there is no indication that his dental equipment could be reused at another location or by another dentist. There was, however, no evidence that this equipment could not be reused at another location or by another dentist. The Court fails to see a hardship here.

Dr. Spargo's third assertion is that the Board erred in finding that his use of the property in 1972 did not qualify as a home occupation under the zoning ordinance then in force. Subsequent to Dr. Spargo's obtaining the permit and the beginning of his practice of dentistry at the property, he violated the 1972 zoning ordinance which was then applicable to him. Although the notice of violation mailed to Dr. Spargo on August 10, 1987 referred to sections of the most recent Bethel Park zoning ordinance amended in 1981, it

was the 1972 zoning ordinance applicable to Dr. Spargo which he was found to have violated. N.T., September 21, 1987 Hearing, pp. 26–28.

■ Dr. Spargo's final assertion is that the trial court erred in applying an abuse of discretion or error of law standard of review in this matter. When the trial court takes no additional testimony and admits no additional evidence, its scope of review is limited to determining whether the zoning board committed an abuse of discretion or error of law. *Gazebo, Inc. v. Zoning Board of Adjustment of the City of Pittsburgh,* 112 Pa.Commonwealth Ct. 37, 535 A.2d 214 (1987); Section 1010 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 11010. Dr. Spargo made no motion for the presentation of additional evidence to the trial court nor did he request a remand of the case to the Board. While Dr. Spargo argues that a further review of the evidence would provide his entitlement to a continued use of the property as a dental office based upon either a vested right or variance by estoppel theory, the Board's findings and conclusions clearly refute Dr. Spargo's claim.

■ It is the function of a zoning hearing board to weigh the evidence before it. *Lake Adventure, Inc. v. Dingman Township Zoning Hearing Board,* 64 Pa.Commonwealth Ct. 551, 440 A.2d 1284 (1982). The Board did not abuse its discretion by choosing to believe the opinion of one expert or witness over that offered by another. *Lower Allen Citizens Action Group, Inc. v. Lower Allen Township Zoning Hearing Board,* 93 Pa.Commonwealth Ct. 96, 500 A.2d 1253 (1985). The trial court, having determined that the Board committed neither an abuse of discretion nor error of law, is bound to affirm the decision of the Board as long as the Board's findings and conclusions are supported by substantial evidence. Having done so, the trial court did not err. Accordingly, the order of the trial court dismissing the appeal of Dr. Spargo from the decision of the Zoning Hearing Board of the Municipality of Bethel Park is affirmed.

## ORDER

AND NOW, this 28th day of July, 1989, the decision of the Court of Common Pleas of Allegheny County is hereby affirmed.