**In re: Request for Administrative Review of Zoning Permit Issued To Operate a Personal Care Facility at 1407 Oak Street**

*Thomas P. Harlan,* for appellants.

*Keith L. Kilgore,* for the City of Lebanon Hearing Board.

*George E. Christianson,* for objectors.

WALTER, *P.J.,* November 29, 1994—Before the court is an appeal from a City of Lebanon Zoning Hearing Board decision. The property in question is located at 1407 Oak Street in the City of Lebanon and was known for years as the Oakview Home. Oakview was a non-profit, community-run nursing and personal care home with 28 nursing care beds and 22 personal care beds. Oakview was located in an area zoned as a residential low density district. It was a nonconforming use within the residential district. Oakview closed in early November 1993.

On November 29, 1993 appellant, Parkview Associates, received a zoning permit from the City of Lebanon Zoning Officer to use the Oakview property as a personal care facility with 70 beds and 55 rooms.

On February 18, 1994 objectors, James M. Ward and Patricia A. Ward, learned of Parkview's proposed use of the Oakview property. On March 2, 1994 objectors filed an appeal to the Zoning Hearing Board objecting to the issuance of the permit by the City Zoning Officer.

Public hearings were held on April 6 and April 13, 1994. The Zoning Board rendered its oral decision on May 4, 1994 and issued its written findings of fact and conclusions of law on May 18, 1994. The board found the appeal to the Zoning Hearing Board by objectors was timely filed, the permit issued by the City Zoning Officer was made in error, and Parkview's proposed use of the Oakview property was more nonconforming to the district than the prior use so that a permit should not be issued.

Parkview filed a notice of appeal of the Zoning Board decision with this court on June 1, 1994.

## SCOPE OF REVIEW

We begin our analysis of this appeal by noting our scope of review in zoning hearing board appeals:

"When the trial court takes no additional testimony and admits no additional evidence, its scope of review is limited to determining whether the zoning board committed an abuse of discretion or error of law." *Spargo v. Zoning Hearing Board of the Municipality of Bethel Park,* 128 Pa. Commw. 193, 204, 563 A.2d 213, 218 (1989). A function of the Zoning Board is to weigh the evidence before it. *Id.* Issues of credibility are best determined by the Zoning Board which has the opportunity to observe the witnesses firsthand.

Therefore, our duty in this appeal is to examine the record and determine whether the board committed

either an abuse of discretion or an error of law concerning the issues raised by Parkview. In issues of credibility we will defer to the board's findings.

Parkview has raised three issues in its appeal:

(1) Whether objectors filed a timely appeal from the issuance of the use permit to Parkview by the City Zoning Officer.

(2) Whether the City Zoning Officer was acting within his authority when the permit was issued.

(3) Whether the proposed use of the facility by Parkview qualifies as a permitted use by special exception as a convalescent home, or whether the proposed nonconforming use was equally or more appropriate to the use district than the existing nonconforming use.

## TIMELINESS OF OBJECTORS' APPEAL

The first issue raised by Parkview concerns the timeliness of objectors' appeal to the Zoning Hearing Board after the permit was issued to Parkview by the City Zoning Officer on November 29, 1994. Parkview contends objectors did not file their appeal to the Zoning Board within the time prescribed by local ordinance. Objectors contend Parkview's deception prevented them from learning of the use for which the permit was issued. The Zoning Board concluded Parkview deliberately attempted to mislead and deceive objectors as to the actual use of the property, and, therefore, the appeal was timely filed.

Article 1307, section 1307.03(a) of the City of Lebanon Codified Ordinance provides:

"Appeals to the Zoning Hearing Board concerning interpretation or administration of this Zoning Code may be taken by any person aggrieved or by any officer or bureau of the governing body of the city affected

by any decision of the Zoning Officer. Such appeals shall be taken within a reasonable time, not to exceed *60 days* or such lesser period as may be provided by the rules of the board, by filing with the officer and with the board a notice of appeal specifying the grounds thereof." (emphasis added)

In interpreting statutes which set time limits for appeals from the issuance of zoning permits, the Commonwealth Court has held that time does not begin to toll until after the objectors have actual notice of the permit or knowledge or reason to believe that approval of zoning had been given. See *Haaf v. Zoning Hearing Board of the Township of Weisenberg,* 155 Pa. Commw. 608, 625 A.2d 1292 (1993); *Schoepple v. Lower Saucon Township Zoning Hearing Board,* 154 Pa. Commw. 658, 624 A.2d 699 (1993).

In the present case the Zoning Hearing Board found the permit was issued by the City Zoning Officer on November 29, 1993. The permit was issued to Dr. Cham NagaRaj through his agent, David Simpson, a local realtor. At the time the permit was issued no notice was given to the public regarding the issuance of the permit, the nature of the ownership of the property, or the proposed use of the property. The board found that objectors were unaware of the ownership and proposed use until February 18, 1994 due to the actions of one of the principals of Parkview Associates, Ed Scheib.

The board found Mr. Scheib deliberately attempted to mislead and deceive objectors as to the actual use of the facility. The board further found Parkview was fraudulent, deceitful, and misrepresented the true nature of the ownership of the property and its intended use not only to objectors, but also to the City Zoning Officer to avoid any challenges to its purchase of the property,

to its use thereof, and to its application for a zoning permit. The board then concluded the time for appeal began to run when objectors learned the true nature of the ownership and proposed use of the property, namely on February 18, 1994. The board found objectors filed their appeal on March 2, 1994, well within the 60 day time limit.

As we stated previously, on issues of credibility we will defer to the board. The record adequately supports the board's findings of deceit and misrepresentation. Objectors testified that they asked Mr. Scheib if Ted Hummel was involved with Parkview, and Mr. Scheib stated that he was not. Objectors later learned Mr. Hummel was a 30 percent partner in Parkview. (N.T. April 13, 1994 hearing p. 45.) Objectors testified that they asked Mr. Scheib about the zoning permit, and Mr. Scheib stated that Parkview did not need one. (N.T. April 13, 1994 hearing pp. 46-47.) Objectors testified that when they inquired about the use of the property, they were first told that it would be a medical center run by a few doctors then they were told that it was none of their business. (N.T. April 13, 1994 hearing pp. 45, 47.)

The board found objectors' testimony credible. As stated previously, we will not second-guess the board on issues of credibility. We find objectors did not have actual notice of the issuance of the permit until February 18, 1994. Objectors filed their appeal on March 2, 1994 well within the 60 day time limit for the filing of appeals. Therefore, we find the appeal was timely filed.

## CITY ZONING OFFICER'S AUTHORITY

The Zoning Board found Oakview had operated as a nonconforming use in a residential low density district until it closed its doors in the spring of 1993. Article

1323, section 1323.02(c)(4) of the City of Lebanon Codified Ordinance provides:

"Any nonconforming use and premises may, as a special exception, be changed to another nonconforming use provided that the Zoning Hearing Board, either by general rule or by making findings in the specific case, shall find that the proposed use is equally appropriate or more appropriate to the district than the existing nonconforming use. In permitting such change, the Zoning Hearing Board may require appropriate conditions and safeguards in accordance with the provisions of this code."

The board found Oakview had been licensed for 22 personal care patients and 28 nursing skilled care patients while Parkview was seeking to have 70 personal care patients and no nursing skilled care patients. The board found the Zoning Officer gave no consideration to the increased needs for parking, the extra traffic, the use of the third floor, the increased number of patients walking around the neighborhood, the change from a non-profit organization to a profit organization, and the consequent effects on the neighborhood. The board found the Zoning Officer was acting beyond his authority when he issued the permit without requiring a hearing.

Furthermore, the board found the Zoning Officer had been misled and deceived by the applicant as to the true nature of the ownership and proposed use of the property. The board concluded that Parkview obtained the permit under fraudulent and deceitful practices and that the City Zoning Officer had no authority to issue the permit without a hearing before the Zoning Board.

We find the board acted within its discretion in determining the Zoning Officer acted beyond his authority when he issued the permit. The Zoning Code plainly

states when one nonconforming use is changed to another nonconforming use, *the board* must determine whether the new nonconforming use is equally or more appropriate for the district. Such a decision is not within the authority of the Zoning Officer.

Furthermore, the board found the Zoning Officer had been misled as to the nature of the ownership and proposed use of the property and had issued the permit under misrepresented circumstances. As stated previously, in matters of credibility we will defer to the Zoning Board. The record indicates that the applicant for the Parkview permit may have misled the Zoning Officer as to the principals involved in Parkview and as to the proposed use of the facility. We do not find the Zoning Board abused its discretion in determining the Zoning Officer had issued the permit under questionable circumstances; therefore, we find the Zoning Officer issued the permit in error.

## THE PROPOSED USE

Parkview argues the board should have issued the permit because Parkview's proposed use qualifies as a convalescent home which is a special exception under the zoning ordinance. In the alternative Parkview argues the permit should have been issued because Parkview's proposed use of the property was equally or more appropriate to the district than the prior use by Oakview.

The board argues that under the Zoning Code it *may* change one nonconforming use to another nonconforming use provided it finds the new proposed nonconforming use equally appropriate or more appropriate to the district than the existing nonconforming use. The board contends Parkview's proposed use would change the essential character of the prior use and would increase the nonconformity. The board further contends

this court cannot substitute its judgment for that of the board in the absence of bad faith, fraud, capricious action, or abuse of discretion.

Section 1323.02(c)(4) of the Zoning Code provides that the board *may,* as a special exception, change one nonconforming use to another nonconforming use provided the new nonconforming use is equally or more appropriate to the district than the prior nonconforming use. Section 1321.08(d) of the Zoning Code provides that the board *may* authorize special exceptions, such as convalescent or nursing homes, only "upon satisfaction in each instance of such conditions as to general character, height and use of the structure, the provisions of surrounding open space and treatment of the grounds, and as to street capacity and use, as, in the opinion of the board, may be necessary to safeguard public health, comfort and convenience, and as may be required for the preservation of the general character of the neighborhood in which the building is to be placed or such use is to be conducted."

The board found Parkview attempted to conceal the true nature of the ownership of Parkview and the intended use of the property. The board found the property in question was located in one of the few remaining low density residential districts in the City of Lebanon and Parkview's proposed use of the property would be more nonconforming to the area than Oakview's prior use of the property. The board found Parkview would operate as a profit organization rather than as a non-profit organization. The personal care bed use would be increased from 22 to 70 beds and the nursing care beds would be eliminated. Parkview made no provisions for increased parking and traffic nor for the increased number of patients walking around the neighborhood. The board also found personal care homes

were much less regulated than nursing homes. The board concluded Parkview's proposed use would change the essential character of the neighborhood and increase the nonconformity. The board, therefore, denied the permit.

The Supreme Court of Pennsylvania states:

"In passing upon the propriety of the actions of municipal officials, judicial restraint rather than judicial intervention should guide the courts. We are not a super municipal body and, in the absence of improper motivation, demonstrated of record, which prompted the actions of municipal officials, we should not interfere with such actions." *Weber v. City of Philadelphia,* 437 Pa. 179, 189, 262 A.2d 297, 302 (1970).

Additionally the Municipalities Planning Code provides:

"If the record below includes findings of fact made by the governing body, board or agency whose decision or action is brought up for review and the court does not take any additional evidence or appoint a referee to take additional evidence, the findings of the governing body, board or agency shall not be disturbed by the court if supported by substantial evidence." 53 P.S. §11005-A (Purdon Supp. 1994).

We hold the record adequately supports the board's findings, and contains no demonstration of any improper motive prompting the board's actions. Accordingly, this court will not interfere in the board's decision.

In conclusion we find objectors timely filed their appeal, the Zoning Officer erred in issuing the permit, and the proposed use of the property by Parkview would be more nonconforming to the area than the prior use. The Lebanon City Zoning Hearing Board's decision will be affirmed.

## ORDER

And now, November 29, 1994, for the reasons set forth in the accompanying opinion, the appeal of Parkview Associates is hereby denied.

Consequently, the decision of the City of Lebanon Zoning Hearing Board concerning Parkview Associates' application for a zoning permit is affirmed.