John A. Calderaio v. Zoning Hearing Board of the Township of Ridley. Township of Ridley, Appellant.

Argued April 9, 1976, before Judges KRAMER, WILKINSON, JR. and BLATT, sitting as a panel of three.

*R. Paul Lessy*, Township Solicitor, for appellant.

*John F. Spall,* County Solicitor, for appellee.

OPINION BY JUDGE WILKINSON, June 9, 1976:

This is a zoning appeal from an order of the Court of Common Pleas of Delaware County which reversed a decision by the Zoning Hearing Board of Ridley Township (Board) and granted appellee a variance. We reverse.

Appellee is a developer who, in May, 1973, purchased a tract of land which included certain premises located at 300 Haverford Road, Ridley Township, Delaware County. The tract is situated in a residential zoning district which permits the erection of single family semi-detached dwellings, provided that they have side yards not less than ten feet in width. In order to construct on the premises the last in a series of such dwellings, appellee applied to the Board for a variance of four inches from the side yard requirement. The variance was granted and appellee began construction.

However, in late 1973, after 50% of the construction had been completed, an action to quiet title was filed against appellee by owners of property adjoining the Haverford Road premises who, under a theory of adverse possession, claimed ownership to a strip of land approximately four feet wide which comprised part of the premises' side yard. As a result, appellee requested the Board for an additional variance of four feet in order to obtain a certificate of occupancy needed to sell the dwellings, which had since been completed.

The Board denied the variance, concluding: "Any hardship demonstrated on this record has been self imposed in that applicant chose to proceed with the construction of the dwelling in question when he had reason to know that he might not have a sufficient land area to comply with the terms of the Zoning Ordinance. Applicant thus proceeded at his own risk."

Specifically, the Board made the following finding of fact: "At all times throughout the construction of this dwelling applicant was fully aware of an adverse claim of substance to approximately four feet of the land required to permit him to erect a dwelling which would not be in violation of the Zoning Ordinance."

On appeal, however, the court below, without taking additional evidence, effectively held that the foregoing finding was not supported by substantial evidence and that the Board, therefore, abused its discretion. Accordingly, the court concluded that the hardship being suffered by appellee was not self-inflicted and ordered that a variance be granted.

In zoning appeals involving requests for variances, where the lower court has not taken additional evidence, our scope of review is limited to a determination of whether the Board abused its discretion or committed an error of law. *Harper v. Zoning Hearing Board,* 21 Pa. Commonwealth Ct. 93, 343 A.2d 381 (1975). Our review of the record and the applicable law indicates that the Board did not err in either respect.

At the hearing before the Board, one of the adjoining property owners, who acquired title to the four-foot strip by adverse possession, testified: "To start with, when he [appellee] came [to the first hearing before the Board]for the variance of four inches, I told him that there was a problem of four feet and over, not four inches, before the houses were built." Indeed, as the following testimony indicates, appellee candidly admitted that he was informed of a challenge to his ownership of the strip: "Now, I did, yes, as the gentleman was about ready to speak up, I did know about that fence[1] when I was at the original hearing before

---

[1] It appears that the four-foot strip was separated from the rest of the Haverford Road premises by a picket fence erected in 1926 or 1927 by appellee's predecessor in title.

124

you. These people were here and came up and said that they owned four feet of this ground.'' (Footnote ours.)

It is clear from the foregoing that appellee was cognizant of a problem concerning his title to the four-foot strip prior to his beginning construction of the dwellings. Therefore, the Board's finding that appellee was aware, at all times during construction, of an adverse claim to the strip needed by him to comply with the side yard requirement, is amply supported. Indeed, as quoted above, it is admitted. Accordingly, we hold that the Board did not abuse its discretion.

It is fundamental in zoning law that a variance will not be granted an applicant if the unnecessary hardship resulting from compliance with the zoning ordinance is self-inflicted. Section 912(3) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10912(3). It is only where the hardship derives from an applicant's mistaken belief that he holds title to the boundaries of his property, a variance may be granted if the belief is in good faith. *See Moyerman v. Glanzberg*, 391 Pa. 387, 138 A.2d 681 (1958).

In the present case, we cannot conclude that appellee, who had prior knowledge that adjacent property owners claimed ownership of the four-foot strip, acted under a good faith mistaken belief that he held title thereto. It is clear that he commenced construction of the dwellings assuming the risk that such claim would not be enforced. Consequently, although we realize that appellee's compliance with the side yard requirement may preclude his selling the homes and even may necessitate his tearing down part, if not all, of the dwellings, we are compelled to hold that his hardship was self-inflicted. Accordingly, the Board, in reaching the same conclusion, did not commit an error of law.

We, therefore, reverse the order of the lower court.

Judge KRAMER did not participate in the decision in this case.