**APPLETREE LAND
DEVELOPMENT,**
Appellant,

v.

**ZONING HEARING BOARD
OF YORK TOWNSHIP,**
York County,

v.

**York Township.**

Commonwealth Court of Pennsylvania.

Argued April 1, 2003.
Decided Oct. 28, 2003.

Gary E. French, Harrisburg, for appellant.

David A. Jones, II, York, for appellees.

BEFORE: COHN, Judge, and LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge LEAVITT.

Appletree Land Development Company, LLC (Appellant) appeals from an order of the York County Court of Common Pleas (trial court) affirming the decision of the York Township Zoning Hearing Board (Board) to deny Appellant's request for a *de minimis* variance. The requested variance was sought to allow a 1.19-foot variance to a dimensional zoning requirement, *i.e.*, a set back.

This case began in 2001 when Appellant constructed a model home on a corner building lot in York Township (Township). To enhance the curb appeal of the model home, Appellant constructed it at an angle facing the corner rather than facing either of the two streets.[1] During its construction, the Township made periodic inspections of the work.

On April 27, 2001, an inspection was performed by Keith Lutz (Lutz), Deputy Code Enforcement Officer. Based upon a tape measurement, Lutz concluded that there could be a problem with a corner of the front porch under Section 265–40B(3) of the York Township Code (Code).[2] On May 8, 2001, Lutz returned to the site and established, by survey, that one corner of the porch would intrude on the front setback line by approximately one foot. Lutz presented two options to Appellant's project superintendent: he could shift the entire house back or reduce the porch width from six feet to four feet. Because the concrete had not been poured for the porch, the superintendent opted to reduce the porch size.[3]

After directing new foundation lines for the model home, the superintendent took several days off work due to illness. During his absence, the owner of Appellant visited the site and noticed that the foundation for the porch was only four feet. Believing that the concrete company had made a mistake, he ordered the concrete company to extend the footers to six feet. The owner was unaware of the discussions between the superintendent and Lutz.

On July 6, 2001, a second Township inspector, Chuck Landis (Landis), visited the site and discovered that foundation footers had been laid for a six-foot porch. However, the concrete had not yet been poured, and Landis did not issue a notice of violation. He returned to the site on July 16, 2001, and observed that the concrete for the porch had been poured. Landis then issued a written notice that the porch violated the Code's front setback requirement by 1.19 feet, which is a 4.67% deviation.

1. Because of this placement, the corners of the home are positioned closer to the setback lines than normal. However, the front of the house is placed far back from the setback lines.

2. It states:

   (3) Patios, paved terraces and unroofed decks may be located in rear yards, provided that they do not extend closer than 25 feet from any property line. In case of a corner lot, no such structure shall extend into the required front yard adjoining each street.

York, PA., York Township Code § 265–40B(3) (2001). The parties refer to the Code as the York Township Zoning Ordinance.

3. Lutz met with the superintendent on May 9, 2001 and found that the foundation footers for the six-foot porch had been abandoned. Typically, a porch is constructed by pouring a foundation and having a mason build up a block from the foundation. Here, the porch was constructed by laying foundation footers, inserting previously poured walls, adding filler, and laying concrete to the top of the constructed foundation. Reproduced Record, 54a–56a (R.R. ——).

In response, Appellant applied for a variance. After a hearing, the Board denied the request, reasoning that Appellant, by the superintendent, had explicit knowledge of the setback requirements before construction of the porch was completed. Appellant appealed to the trial court, which affirmed the Board. The trial court concluded that although the violation was *de minimis*,[4] moving a corner of the porch was, likewise, not "particularly burdensome." Appellant then brought this appeal.[5]

On appeal, Appellant contends that the trial court erred by applying the wrong standard for grant of a variance. Once it found that the deviation from the setback requirement was *de minimis*,[6] the trial court was required to determine whether rigid compliance with the Code was necessary to protect the public policy concerns inherent in the Code. The trial court failed, however, to undertake this inquiry. Further, Appellant contends that there is no substantial evidence to show that its violation of the Code was intentional.

■■■ Normally, a landowner seeking a variance must demonstrate unnecessary hardship. The *de minimis* variance doctrine is a narrow exception to the heavy burden of proof involved in seeking a variance. The doctrine applies only where: (1) a minor deviation from the dimensional uses of a zoning ordinance is sought, and (2) rigid compliance with the zoning ordinance is not necessary to protect the public policy concerns inherent in the ordinance. *Constantino v. Zoning Hearing Board of the Borough of Forest Hills*, 152 Pa.Cmwlth. 258, 618 A.2d 1193, 1196 (1992); *Township of Middletown v. Zoning Hearing Board of Middletown Township*, 682 A.2d 900, 901–902 (Pa.Cmwlth. 1996). The determination of whether or not the *de minimis* doctrine applies requires consideration of both factors. *Swemley v. Zoning Hearing Board of Windsor Township*, 698 A.2d 160, 162 (Pa. Cmwlth.1997).

■■■ Here, Appellant violated the Code and thereafter sought a variance to legalize its construction. For this reason, the trial court decided that Appellant, could not invoke the *de minimis* doctrine. It held as follows:

> *[T]he Board correctly applied the unnecessary hardship standard rather than the de minimis doctrine.*

\* \* \*

In a limited number of cases the doctrine has been applied to permit a variance where the violation of the ordinance was minor and to do otherwise would require the moving of a building [footnote omitted] and where rigid compliance with the ordinance was not necessary to protect the public policy concerns underlying the ordinance. *Rollins Outdoor Advertising, Inc. v. Zoning Bd.*, 108 Pa.Cmwlth. 277, 529 A.2d 99, 102

---

4. The term *"de minimis"* is derived from the Latin *"de minimis non curat lex"* which means "the law does not care for, or take notice of, very small or trifling matters." Black's Law Dictionary 431 (6th ex.1990); *Swemley v. Zoning Hearing Board of Windsor Township*, 698 A.2d 160, 162, n. 3 (Pa. Cmwlth.1997).

5. This Court's scope of review in a zoning case where the trial court takes no additional evidence is limited to determining whether

the Board committed an abuse of discretion or an error of law. *Constantino v. Zoning Hearing Board of the Borough of Forest Hills*, 152 Pa.Cmwlth. 258, 618 A.2d 1193, 1195 n. 2 (1992).

6. The parties agree that a 4.67% deviation from the setback requirement is a *de minimis* deviation from the dimensional use of the Code. Appellant's Brief, 9 and the Board's Brief, 4, 6.

(1987) (footnote omitted) (citation omitted).

In the present case, the amount of encroachment (1.19 feet) may be *de minimis, but only a portion of the porch will have to be moved to bring the model home into compliance with the ordinance. Doing so will not be particularly burdensome, so the de minimis doctrine does not apply.*

Trial Court Opinion, 2–3 (emphasis added). As noted, the unnecessary hardship standard, which was imposed by the trial court, is the test to be applied in a standard variance case where the *de minimis* doctrine cannot be invoked.[7] *Leonard v. Zoning Hearing Board of City of Bethlehem,* 136 Pa.Cmwlth. 182, 583 A.2d 11, 12 (1990).

Appellant submitted a building permit to the Board with a site plan attached indicating that it was constructing a four-foot porch. Inexplicably, the engineers began building a six-foot porch.[8] Once Lutz informed the superintendent on the site of the error, he ordered a reduction in the porch size. The superintendent was not present when the owner, who had no personal knowledge of the setback problem, visited the site. The owner simply thought that the concrete company had erred in laying foundation footers for a four foot porch.[9] Both the Township Zoning Officer and at least one Board member agreed that Appellant did not intentionally violate the Code.[10]

■ However, it does not matter whether Appellant mistakenly or intentionally

**7.** A party seeking a traditional variance bears the burden of proving that (1) *unnecessary hardship will result if the variance is denied,* (2) the hardship is unique or peculiar to the property as distinguished from a hardship arising from the impact of zoning regulations on the entire district, and (3) the proposed use will not be contrary to the public safety, health morals or general welfare. A substantial, serious, and compelling reason must be shown before a variance will be granted. *Alpine Inc. v. Abington Township Zoning Hearing Board,* 654 A.2d 186, 190 (Pa.Cmwlth.1995)(emphasis added). Further, Appellant is requesting a dimensional variance, which is of lesser moment than the grant of a use variance because the owner is merely asking for a reasonable adjustment of the zoning regulations. Consequently, the quantum of proof necessary to establish unnecessary hardship is lesser than when a use variance is sought. *Hertzberg v. Zoning Board of Adjustment of the City of Pittsburgh,* 554 Pa. 249, 257–259, 721 A.2d 43, 47–48 (1998). Here, Appellant would have to dig up the concrete footers to reconstruct a porch. Alternatively, Appellant could notch the porch, which would affect the appearance of the home. Because it is a model home, these changes are not appealing to Appellant.

**8.** The transcript of the Board's proceeding is not illuminating on the question of why the porch size changed. At the hearing, the

Board members were confused about what set of plans Appellant submitted to them for a building permit and what size porch was placed on them. R.R. 35a–46a. Apparently, there were two sets of plans: a site plan and an architectural plan. R.R. 35a–36a, 41a. The site plan was attached to the building permit submitted to the Board, and the architectural plans are the plans relied on by the engineers at the site. *Id.* The record does not reflect what size of porch was indicated on the architectural plans relied on by the engineers. Counsel for Appellant contended before the Board that "we supplied them [the engineers] with an actual set of plans that they are pulling off of to site the house. That's where his line of errors comes into play." R.R. 37a.

**9.** R.R. 21a–22a.The trial court, in its opinion, stated that Appellant's owner should have inquired of his superintendent as to why he poured a four-foot porch instead of assuming that an employee of the concrete company erred. Trial Court Opinion 3–4. The owner thought the concrete company had simply erred; the absence of additional inquiry does not prove that owner intended Appellant to violate the Code.

**10.** R.R. 58a, 63a.

violated the Code.[11] There is a strong policy against assisting landowners who violate a zoning ordinance, whether negligently or intentionally, long apparent in this Court's jurisprudence. As we have explained,

> [A] landowner is dutybound to check the zoning status of real estate, and the failure to do so, which results in lack of knowledge, cannot support the issuance of a variance on an estoppel theory.

*Mucy v. Fallowfield Township Zoning Hearing Board of Washington County*, 147 Pa.Cmwlth. 644, 609 A.2d 591, 594 (1992). Appellant's failure to determine the zoning requirements applicable to the model home would not support a variance on estoppel grounds. Similarly, this failure bars Appellant's ability to invoke the exceptional standard for a *de minimis* variance. The burden of zoning compliance is upon the landowner, and Appellant's difficulties here were self-inflicted.

Accordingly, we affirm.

### ORDER

AND NOW, this 28th day of October, 2003, the Order of the York County Court of Common Pleas, dated August 27, 2002, in the above-captioned matter, is hereby affirmed.

---

11. A variance is properly refused where the hardship is self-inflicted. In rare circumstances the hardship will found not to self-inflicted, such as reliance upon a public record to determine zoning requirements. *Strat-ford Arms, Inc. v. Zoning Board of Adjustment*, 429 Pa. 132, 239 A.2d 325 (1968); *Calderaio v. Zoning Board of the Township of Ridley*, 25 Pa.Cmwlth. 121, 358 A.2d 443 (1976).