IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Application of           :
David Walter Surman, Jr.      :
                                   :
                                   : No. 1381 C.D. 2018
Appeal of: David Walter Surman, Jr.  : Submitted: June 3, 2019

BEFORE:    HONORABLE ANNE E. COVEY, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON        FILED: June 26, 2019

David Walter Surman, Jr. (Landowner) appeals from the September 12, 2018 order of the Court of Common Pleas of Bucks County (trial court) that affirmed the decision of the Milford Township Zoning Hearing Board (Board) denying a variance for construction of an addition without the benefit of a building permit. Upon review, we affirm.

Landowner is the owner of property located at 2240 Spinnerstown Road, Quakertown (Property), in Milford Township (Township). Board's Findings of Fact (F.F.) 1. The Property is zoned Village Center-2 (VC-2) under the Township Portion of the Quakertown Area Zoning Ordinance[1] (Zoning Ordinance). F.F. 19. At the time Landowner purchased the Property in 2013, the Property had an existing

---

[1] Milford Twp., Pa., Milford Township Portion of the Quakertown Area Zoning Ordinance (2005).

nonconforming use for the manufacture and sale of furniture. *See* F.F. 20 & 23. Landowner applied to the Board for a special exception to convert the nonconforming use to a new nonconforming use for sales, repairs and warehousing of scientific and industrial equipment. F.F. 20. The Board granted the special exception on February 12, 2013. *Id.*

On April 22, 2017, a fire occurred at the Property, and the fire department responded. F.F. 2. Jim Young (Young), the Township's Zoning Officer and Fire Marshal, inspected the Property as the Fire Marshal and discovered multiple drums containing chemicals and hazardous and highly flammable materials. F.F. 3. Young concluded that Landowner was operating a manufacturing use on the Property other than the use previously approved by the Board and was in violation of the Zoning Ordinance. F.F. 7 & 10. Young also observed that Landowner had built an addition on the Property without ever obtaining a permit. Notes of Testimony (N.T.) at 17, Reproduced Record (R.R.) at 20a; *see* F.F. 13.

Subsequently, the Township, through Zoning Officer Young, issued a Notice of Violation (NOV) against Landowner for violations of Sections 401 and 403 of the Zoning Ordinance, as well as for violating the conditions of the special exception granted by the Board's Decision of February 12, 2013, all in connection with the sale, storage and manufacture of chemicals on the Property; the NOV also cited a violation of Section 1002 of the Zoning Ordinance for constructing an addition on the Property without the benefit of a permit. *See* NOV, R.R. at 202a-04a. Landowner contested the NOV and sought a new special exception to use the Property to manufacture and sell chemicals; Landowner also sought a variance from Section 1002 of the Zoning Ordinance to allow the 1,248-square-foot addition to remain despite having been built without a building permit. Board's Decision at 1.

2

The Board held a hearing at which the Township was granted party status. *Id.* Young and Landowner testified, and several neighbors participated by asking questions or making statements. *See id.* at 1-2; N.T. at 3, R.R. at 6a. The Township, Landowner and the Board offered exhibits which were entered into evidence. Board's Decision at 2-3; *see* N.T. at 3-4, R.R. at 6a-7a. The Board accepted Young's testimony as credible and rejected Landowner's testimony. F.F. 14-15. The Board denied Landowner's requests for a variance and special exception and upheld the NOV. Board's Order dated 9/15/17. Landowner appealed to the trial court, which affirmed. Landowner then appealed to this Court.[2]

Before this Court, Landowner does not raise any issues challenging the Board's decision regarding the NOV or the special exception. Rather, Landowner raises challenges related only to the Board's denial of the variance from Section 1002 of the Zoning Ordinance to allow for an addition built on the property without the benefit of a building permit. Specifically, Landowner argues that trial court erred as a matter of law and/or abused its discretion in upholding the Board's denial of the variance, because the trial court failed to take into account that: (1) a denial of the variance would not serve any useful purpose and the addition to the Property was not visible nor objectionable; (2) Landowner built the addition on preexisting footers already located on the Property; (3) Landowner used the addition for the purpose of expanding his business; (4) Landowner applied for a permit after the addition was built; and (5) Landowner's expert engineering reports detailed the soundness of the

---

[2] Where, as here, the trial court does not take additional evidence, our scope of review is limited to determining whether the Board committed an error of law or "a manifest abuse of discretion." *Valley View Civic Ass'n v. Zoning Bd. of Adjustment*, 462 A.2d 637, 639 (Pa. 1983). A zoning board abuses its discretion "only if its findings are not supported by substantial evidence." *Id.* at 640.

3

addition and that the addition was built to code.  Before addressing each argument, we review the general principles regarding a variance.

To establish entitlement to a variance,[3] the Pennsylvania Municipalities Planning Code (MPC)[4] requires that an applicant establish all of the following five factors:

> (1)  That there are unique physical circumstances or conditions [of the property] . . .
> (2)  That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance . . .
> (3)  That such unnecessary hardship has not been created by the [applicant].
> (4)  That the variance, if authorized, will not alter the essential character of the neighborhood . . . nor be detrimental to the public welfare.
> (5)  That the variance, if authorized, will represent the minimum variance that will afford relief . . . .

Section 910.2(a) of the MPC, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10910.2(a).  When addressing the element of unnecessary hardship in variance cases that do not involve a use variance, "[c]ourts may consider multiple factors, including the economic detriment to the applicant if the variance was denied, the financial hardship created by any work necessary to bring the building into strict compliance with the zoning requirements and the characteristics of the surrounding neighborhood." *Hertzberg v. Zoning Bd. of Adjustment of Pittsburgh*, 721 A.2d 43,

---

[3] A variance is a request seeking to vary a requirement in the zoning ordinance.  Robert S. Ryan, Pennsylvania Zoning Law and Practice § 6.1.2 (2001).

[4] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101–11202.

50 (Pa. 1998). Although *Hertzberg* eased the requirements for a variance, it did not remove them. *Tidd v. Lower Saucon Twp. Zoning Hearing Bd.*, 118 A.3d 1, 8 (Pa. Cmwlth. 2015). Despite the more relaxed standard set forth in *Hertzberg*, it is still the case that "[t]he burden on an applicant seeking a variance is a heavy one, and the reasons for granting the variance must be substantial, serious and compelling." *Singer v. Phila. Zoning Bd. of Adjustment*, 29 A.3d 144, 149 (Pa. Cmwlth. 2011). Further, a variance "is appropriate only where the *property*, not the person, is subject to hardship." *Yeager v. Zoning Hearing Bd. of Allentown*, 779 A.2d 595, 598 (Pa. Cmwlth. 2001) (emphasis in original) (internal quotation marks and citation omitted). "[A] variance will not be granted solely because the applicant will suffer an economic hardship if he does not receive the same." *Soc'y Created to Reduce Urban Blight v. Zoning Bd. of Adjustment of Phila.*, 921 A.2d 536, 545 (Pa. Cmwlth. 2007), *aff'd sub nom. Spahn v. Zoning Bd. of Adjustment*, 977 A.2d 1132 (Pa. 2009).

**Denial of the variance would not serve any useful purpose and the addition to the Property was not visible nor objectionable**

Landowner first argues that the trial court erred in failing to take into account that a denial of the variance would not serve any useful purpose and further points out that the addition was not visible from the highway, nor was it objectionable to the neighbors. Based on the aforementioned standards set forth in the MPC, we reject Landowner's argument. Neither the trial court nor the Board was required to consider whether the variance would serve any useful purpose or whether the addition to the Property was visible or objectionable. *See* Section 910.2(a) of the MPC, 53 P.S. § 10910.2(a). Although Landowner relies on the Supreme Court case of *Appeal of Mack*, 122 A.2d 48, 50 (Pa. 1956), to support his

5

argument, we note that *Mack* was decided before the adoption of the MPC and, therefore, is not controlling.

We further note that the Board concluded that Landowner was aware that he should have applied for a permit to build the addition and failed to do so. Board's Conclusions of Law (C.L.) 17. Indeed, the Board found that Landowner admitted to building the addition without a permit and to being asked whether he had obtained a building permit while the construction was underway. F.F. 13; *see* C.L. 20; N.T. at 123-24, R.R. at 126a-27a. Consequently, to the extent there is any hardship, such as an economic hardship of having to remove the addition, such hardship is the result of Landowner's own actions and, therefore, is self-created. *See* Section 910.2(a)(3) of the MPC, 53 P.S. § 10910.2(a)(3) (stating hardship cannot be created by applicant). Further, such economic hardship alone does not justify the grant of a variance, *see Soc'y Created to Reduce Urban Blight*, as it is the person, not the property, subject to the hardship, *see Yeager*.

**Landowner built the addition on preexisting footers already located on the Property**

Landowner argues that the addition was *de minimis*, and therefore, his request for a variance should have been granted. He asserts the addition is *de minimis* because he contends that he built the addition on a foundation that already existed when he purchased the Property, the addition is within the Property's lines, and the addition takes up less than five percent of the total square footage of the Property. Landowner's Brief at 11.

> The *de minimis* variance doctrine is a narrow exception to
> the heavy burden of proof involved in seeking a variance.
> The doctrine applies only where: (1) a minor deviation

6

> from the dimensional uses of a zoning ordinance is sought, and (2) rigid compliance with the zoning ordinance is not necessary to protect the public policy concerns inherent in the ordinance.

*Appletree Land Dev. v. Zoning Hearing Bd. of York Twp.*, 834 A.2d 1214, 1216 (Pa. Cmwlth. 2003). "The grant of a *de minimis* variance is a matter of discretion with the local zoning board." *Hawk v. City of Pittsburgh Zoning Bd. of Adjustment*, 38 A.3d 1061, 1066 (Pa. Cmwlth. 2012).

Here, Landowner violated the Zoning Ordinance by not obtaining a building permit and, after construction, sought a variance from that provision of the Zoning Ordinance to allow for the addition. This Court has stated, "[t]here is a strong policy against assisting landowners who violate a zoning ordinance, whether negligently or intentionally . . . ." *Appletree*, 834 A.2d at 1218. We have held that an applicant's failure to determine the zoning requirements, whether mistakenly or intentionally, "bars [an applicant's] ability to invoke the exceptional standard for a *de minimis* variance." *Id.* Accordingly, Landowner is not entitled to relief under the doctrine of a *de minimis* variance.

**The addition was built for the purpose of expanding his business**

Landowner asserts that the trial court erred by not reversing the Board's decision because a nonconforming commercial use may be expanded under the doctrine of natural expansion. Landowner asserts that he introduced evidence at the hearing that the variance was needed to allow him to expand his business of selling scientific and industrial equipment, for which he received a special exception in 2013, as well as to store boxes of equipment, and that the addition was built for that purpose.

7

"Under the doctrine of natural expansion, a nonconforming use may be extended in scope as the business increases in magnitude, over ground previously occupied by the owner *for that business* at the time of the enactment of the applicable zoning ordinance." *Finegan v. Bd. of Supervisors of Earl Twp.*, 826 A.2d 76, 78–79 (Pa. Cmwlth. 2003) (emphasis added). "[T]he doctrine of natural expansion is limited to lawful, i.e.[,] **valid**, nonconforming uses." *Hitz v. Zoning Hearing Bd. of S. Annville Twp.*, 734 A.2d 60, 67 (Pa. Cmwlth. 1999) (emphasis in original).

Section 808 of the Zoning Ordinance permits a change in use from one nonconforming use "to another nonconforming use[,]" under certain conditions, by special exception. Zoning Ordinance § 808; *see also* F.F. 7. Here, the Property was granted a special exception in 2013 allowing for the change from a nonconforming use for the manufacture and sale of furniture to another nonconforming use for sales, repairs and warehousing of scientific and light industrial equipment. C.L. 9. The Board credited Young's testimony that the chemical use being conducted in the building was a Zoning Ordinance Section 404.G1 Manufacturing Use and that such use is not permitted in the VC-2 Zoning District in which the Property is located. F.F. 10, 14 & 19. The Board further found that Landowner's prior special exception application made no mention of a chemical business. F.F. 24. The Board concluded that, in 2013, it was not asked to and "did not grant [Landowner] a special exception for a manufacturing use, particularly one involving hazardous and flammable chemical[s] . . . ." C.L. 13. The Board further concluded that its prior 2013 decision "granted an entirely different use under different conditions." C.L. 18. A new, entirely different use does not fall within the purview of the doctrine of natural expansion, as the expansion is not for that particular business that is the nonconforming use. *See Finegan*. Consequently, Landowner's argument that the

8

variance should have been granted under the doctrine of natural expansion lacks merit.

## Landowner applied for a permit after the addition was built

Landowner argues that the sole basis for the Board's denial of the variance was that Landowner was aware that he should have applied for a permit but failed to do so. Landowner states that on August 22, 2017, pursuant to the Township's permit application allowing a post-construction application for a building to be filed, Landowner filed a permit application to have the already built addition inspected and approved by the Township. Landowner's Brief at 14. Landowner states the Township denied his application, in part because the Board denied his variance request. *Id.* Landowner contends that "[t]he trial court erred in denying [Landowner's] land use appeal, by failing to consider evidence that after the hearing, [Landowner] applied for a permit and was refused by Milford Township." *Id.*

The trial court did not accept additional evidence. The information regarding Landowner's application submitted after the Board's hearing was not part of the record. *See generally* Board's Decision at 2-4 (listing exhibits and stating record was closed on August 8, 2017). Therefore, the trial court did not err in failing to consider it. *See Tennyson v. Zoning Hearing Bd. of W. Bradford Twp.*, 952 A.2d 739 (Pa. Cmwlth. 2008) (stating assertions that are outside the record may not be considered on appeal). Further, Landowner makes no argument that the trial court erred by failing to provide the opportunity to take additional evidence.[5] In any event,

---

[5] Although Landowner's Brief In Support of Land Use Appeal filed with the trial court states that at a conference before the trial court held on March 9, 2018, the trial court ruled that it

9

the trial court does not have jurisdiction to determine in the first instance whether the denial of a permit was appropriate. *See* Section 909.1(a)(3) of the MPC, added by the Act of Dec. 21, 1988, P.L. 1329, 53 P.S. § 10909.1(a)(3) (stating, "[t]he zoning hearing board shall have exclusive jurisdiction to hear and render final adjudications in . . . [a]ppeals from the determination of the zoning officer, including, but not limited to, the granting or denial of any permit"). Therefore, Landowner's argument lacks merit.

### Landowner's expert engineering reports

Lastly, Landowner argues that the trial court erred by failing to take into account that his expert evidence showed that the addition was structurally sound and "met all applicable [Township] Code standards." Landowner's Brief at 14-15. As the trial court took no additional evidence, we are limited to reviewing whether the Board committed an error of law or abused its discretion. *See Valley View Civic Ass'n v. Zoning Bd. of Adjustment*, 462 A.2d 637, 639 (Pa. 1983). Therefore, the issue should be whether the Board, not the trial court, committed an abuse of discretion or an error of law by not taking into account Landowner's evidence.

Over the Township's objection, the Board allowed Landowner to introduce evidence purporting to establish the structural integrity of the addition and further purporting to establish compliance with the code. *See* Original Record Item

---

would not take any additional evidence relating to the appeal, it does not appear that Landowner made any motion before the trial court asserting that the appeal required the presentation of additional evidence. *See* Landowner's Brief In Support of Land Use Appeal at 4, R.R. at 242a; Section 1005-A of the MPC, added by the Act of Dec. 21, 1988, P.L. 1329, 53 P.S. § 11005-A (setting forth options for trial court concerning receiving additional evidence "[i]f, upon motion, it is shown that proper consideration of the land use appeal requires the presentation of additional evidence"); *see generally* Trial Court Docket, R.R. at 1a-2a.

18, Surman-1 Book of Exhibits, Tabs 2-4; N.T. at 106-10, R.R. at 109a-13a. Therefore, any argument that the Board erred or abused its discretion by failing to take into account Landowner's expert evidence is meritless.

More importantly, whether the addition was structurally sound and built to code is not one of the elements the Landowner must establish when seeking a variance.[6] *See* Section 910.2(a) of the MPC, 53 P.S. § 10910.2(a). Therefore, such considerations are irrelevant, and Landowner's argument is meritless.

Accordingly, for the foregoing reasons, we affirm.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[6] We note that the Township argues that Landowner's permit application would be denied because the permit application has to list the proposed use for the addition and Landowner's proposed new manufacturing use is unlawful. Township's Brief at 21.

11

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re:  Application of        :
David Walter Surman, Jr.     :
                             :
                             :   No. 1381 C.D. 2018
Appeal of:  David Walter Surman, Jr.  :

## O R D E R

AND NOW, this 26th day of June, 2019, the order of the Court of Common Pleas of Bucks County dated September 12, 2018 is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge