609 A.2d 591

John C. MUCY and Debra A. Mucy, his wife, Appellants,

v.

FALLOWFIELD TOWNSHIP ZONING HEARING BOARD
OF WASHINGTON COUNTY and William A. Martin
and Martha Martin, his wife, Appellees.

Commonwealth Court of Pennsylvania.

Submitted Feb. 3, 1992.

Decided May 6, 1992.

Herman J. Bigi and Elena D. Bender, for appellants.

Richard C. Mudrick, for appellees.

Diane C. Sokol, for intervenor, appellees William A. Martin and Martha Martin, his wife.

Before PALLADINO and KELLEY, JJ., and SILVESTRI, Senior Judge.

PALLADINO, Judge.

John C. Mucy and Debra A. Mucy (Appellants) appeal from an order of the Court of Common Pleas of Washington County (trial court) which affirmed the decision of the

Fallowfield Township Zoning Hearing Board (Board) denying Appellants' application for a variance. We Affirm.

Appellants are owners of two lots, numbers 22 and 23, in Fallowfield Township, Washington County, Pennsylvania. The lots are zoned R-1, residential use only. Appellants erected a home with an attached garage on lot 22, and built a separate concrete block garage on lot 23. The concrete block garage is used as a commercial automobile repair and inspection station.

Appellants built the concrete block garage in May of 1988, and began using the garage for automobile repairs in February of 1989. Appellants also began using the garage as an inspection station in June of 1989. Shortly thereafter,[1] the township informed Appellants that their use was not permitted under the Fallowfield Township zoning ordinance, and that Appellants needed to apply for a variance.

Appellants' application for a variance was denied by the Fallowfield Township Zoning Officer on May 15, 1990. Appellants appealed to the Board and a hearing was held on June 21, 1990.[2]

The Board issued a decision on July 11, 1990 denying the application for a variance. Appellants appealed to the trial court which, after taking additional evidence, affirmed. The trial court stated that "there was no evidence to establish that the lot involved is of such particular size, shape, or condition" that a variance was required. Trial Court Op. at 4. The trial court relied upon criteria set forth in *Appeal of Crawford*, 110 Pa.Commonwealth Ct. 51, 531 A.2d 865 (1987), *cross appeals denied*, 518 Pa. 656, 544 A.2d 1343 (1988), in holding that Appellants were not entitled to a variance by estoppel. The trial court identified two criteria

---

1. The record does not reveal the exact date when the township informed Appellants that this use was not permitted. However, testimony taken before the Board suggests that the date was sometime in the fall of 1989, while the Board's brief states that the date was May or June of 1989.

2. Mr. and Mrs. William Martin (Intervenors), neighbors in the immediate vicinity, entered their appearance at the hearing, and objected to the granting of a variance.

which it held Appellants failed to meet: 1) a long period of municipal failure to enforce the law when the municipality knew or should have known of the violation, in conjunction with some form of active acquiescence in the illegal use, and 2) good faith and innocent reliance by Appellants on the validity of the use throughout the proceedings.

■ On appeal to this court, the issue raised by Appellant is whether the trial court erred by holding that Appellants are not entitled to continue to use their property for a commercial purpose under the theory of variance by estoppel. Our scope of review where the trial court, as here, receives additional evidence is to determine whether the court abused its discretion or committed an error of law. *Estate of Barbagallo v. Zoning Hearing Board of Ingram Borough*, 133 Pa.Commonwealth Ct. 38, 574 A.2d 1171 (1990).

There are several relevant factors in determining whether to grant a variance by estoppel. Those factors can be summarized as follows:

1. A long period of municipal failure to enforce the law, when the municipality knew or should have known of the violation, in conjunction with some form of active acquiescence in the illegal use. However, a mere showing that a municipality has failed to enforce the law for a long period of time is insufficient in itself to support the grant of a variance.

2. Whether the landowner acted in good faith and relied innocently upon the validity of the use throughout the proceedings. But in assessing whether a landowner's reliance upon municipal inaction is reasonable, a landowner is duty bound to check the property's zoning status before purchase.

3. Whether the landowner has made substantial expenditures in reliance upon his belief that his use was permitted.

4. Whether the denial of the variance would impose an unnecessary hardship on the applicant, such as the cost to demolish an existing building.

*Crawford.*

Cases which have upheld a variance by estoppel based in part upon the first factor include: *Knake v. Zoning Hearing Board of Dormont,* 74 Pa.Commonwealth Ct. 265, 459 A.2d 1331 (1983) (forty-four years of municipal inaction, knowledge by zoning officials for twenty-seven years that use was impermissible, and issuance of building permit for impermissible use); *Three Rivers Youth v. Zoning Board of Adjustment,* 63 Pa.Commonwealth Ct. 184, 437 A.2d 1064 (1981) (seven years of inaction, issuance of building permit for impermissible use, plus reliance by landowner upon zoning officer's interpretation of regulation in obtaining permits); *Township of Haverford v. Spica,* 16 Pa.Commonwealth Ct. 326, 328 A.2d 878 (1974) (thirty-six years of municipal inaction, and issuance of a building permit with knowledge by the municipality that the intended construction was to enhance the commercial use of a residential property).

Appellants contend that they have satisfied the first factor because, although their impermissible use only existed for several months before they were told by the township that they needed to apply for a variance, case law has not defined what is considered a "long period" of municipal inaction. In addition, Appellants contend that the township actively acquiesced in the impermissible use because several township officials, in their individual capacity, patronized the business.

In support of their contention, Appellants cite the case of *Caporali v. Ward,* 89 Pa.Commonwealth Ct. 621, 493 A.2d 791 (1985), where a variance by estoppel was granted after only two years of municipal inaction. However, *Caporali* is distinguishable from the present case because in *Caporali,* as in the cases cited above, the municipality actively acquiesced in the illegal use.

In *Caporali*, the municipality specifically granted the appellants permission to use their property in a non-conforming manner. In the cases cited above, *Knake, Three Rivers*, and *Spica*, the municipalities actively acquiesced by specifically issuing building permits for the impermissible uses.[3]

In the present case, testimony elicited from Mr. Mucy and a township official established that the officials patronized Appellants' business; however, the testimony in no way indicates that the officials did so in their official capacity. The mere patronage of Appellants' business by township officials does not constitute permission, nor constitute active acquiescence, by the municipality in the use of the garage in a non-conforming manner. The municipality's inaction for a period of several months in this case does not constitute a "long period."

 In addition, one of the township officials who patronized Appellants' business testified that at the time of patronage, he did not know whether Appellants were operating without Board approval. N.T. at 43. The other officials who patronized Appellants' business did not testify, and it was not established whether or not they knew at the time of patronage that Appellants' business was operating without Board approval. Even if the officials did have knowledge, mere knowledge by a few individual officials of an impermissible use is insufficient to grant a variance by estoppel. *Spargo v. Zoning Hearing Board of the Municipality of Bethel Park*, 128 Pa.Commonwealth Ct. 193, 563 A.2d 213 (1989); *Center Township v. Zoning Hearing Board of Center Township*, 104 Pa.Commonwealth Ct. 487, 522 A.2d 673 (1987); *Green v. Zoning Board of Adjustment*, 88 Pa.Commonwealth Ct. 469, 490 A.2d 488 (1985). Moreover, knowledge by a few individual officials cannot be imputed to the township. *Center*.

3. In the present case, Appellants never applied for a building permit nor a zoning permit for their concrete block garage. N.T. at 45.

As to the second relevant factor, good faith reliance by the landowner, Appellants argue that they innocently and in good faith relied on the existence of other neighborhood businesses in establishing their commercial business. However, Appellants' reliance was not reasonable because, as stated previously, a landowner is duty bound to check the zoning status of real estate, and the failure to do so, which results in the lack of knowledge, cannot support the issuance of a variance on an estoppel theory. *See Lockwood v. Zoning Hearing Board of Millcreek Township*, 115 Pa.Commonwealth Ct. 368, 540 A.2d 336 (1988). One who undertakes to make use of real estate for commercial purposes without inquiring as to whether the use is permitted by the municipality's zoning ordinance, does so at his own peril. *Crawford.*

As to the third and fourth factors, substantial expenditures and unnecessary hardship, Appellants testified that they expended substantial funds to set up and operate their business, and that the property was not suitable for building a house. These arguments fail because it is not sufficient to show mere economic hardship or that the property could be utilized more profitably if a variance were granted. *Lockwood.* Appellants' garage, as used for non-business purposes,[4] is consistent with the permitted residential use.

Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, May 6, 1992, the order of the Court of Common Pleas of Washington County in the above-captioned matter is affirmed.

---

4. In fact, Mr. Mucy testified that his original plan for the garage was for a personal workshop area. N.T. at 10.